**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02045-RM-MEH

MARK LASSER,

    Plaintiff,

v.

CHARTER COMMUNICATIONS, INC., and
PETER BROWN,

    Defendants.

___

**ORDER**
___

This matter is before the Court on the following matters: (1) the Recommendation of United States Magistrate Judge (ECF No. 31) to grant Defendants' Motion to Compel Arbitration (ECF No. 11); and (2) the Recommendation of United States Magistrate Judge (ECF No. 30) to grant Defendant Peter Brown's Motion to Dismiss (ECF No. 10) for failure to exhaust administrative remedy and to deny without prejudice his request for attorney's fees and costs. Plaintiff has filed objections to both Recommendations, to which Defendants have filed responses. The matters are ripe for resolution. Upon consideration of the Recommendations and related filings, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

    **I.    BACKGROUND**

Plaintiff is blind. He was formerly employed by Defendant Charter Communications, Inc. as its "Senior Director, Accessibility," tasked with improving Charter's accessibility for disabled

customers and employees. On October 6, 2017, while employed by Charter, Plaintiff was sent, via email, notice of "Solution Channel" which "allows you [Plaintiff] and the company" to resolve covered employment-related legal disputes "through binding arbitration." (ECF No. 11-6, at. 6.) The email notified employees they would be enrolled in the legal dispute resolution program unless they opted out within 30 days, i.e. by November 5, 2017. The email stated in relevant part: "Unless you opt out of participating in *Solution Channel* within the next 30 days, you will be enrolled. Instructions for opting out of *Solution Channel* are also located on Panorama." *Id.* (italics in original). Panorama is Charter's intranet site accessible to employees.

After his discharge from Charter, Plaintiff filed this lawsuit alleging seven claims related to his discharge. Defendants move to compel arbitration based on the Mutual Arbitration Agreement. Plaintiff resists, challenging whether he agreed to arbitrate his claims but not whether his claims fall within the scope of the arbitration agreement or whether there are other legal constraints to arbitration. Based on the record presented by Defendants of Plaintiff's ability to "read" and navigate emails during the 30-day opt-out period which included Plaintiff sending and responding to hundreds of work-related emails and reaching out to a Charter employee to assist with Charter's annual enrollment for health benefits, the Magistrate Judge found no genuine issue of material fact which prevented recommending granting Defendants' Motion to Compel. Plaintiff's objection followed.

Concurrent with recommending granting the Motion to Compel, the Magistrate Judge recommends granting Defendant Brown's Motion to Dismiss based on failure to exhaust administrative remedies. Because the Court agrees the parties are to arbitrate their dispute, the Court finds the Motion to Dismiss is moot and, accordingly, on that basis, declines to accept the recommendation as to this motion.

## II. LEGAL STANDARD

### A. Objections to Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Motions to Compel Arbitration

"[A] motion to compel arbitration sets in motion a summary trial procedure." *BOSC, Inc. v. Bd. of Cty. Commissioners*, 853 F.3d 1165, 1176 (10th Cir. 2017). This procedure "is similar to summary judgment practice: the party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement…; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement." *Id.* at 1177 (internal quotation marks omitted). *See Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012) ("framework is similar to summary judgment practice"). "[I]f material disputes of fact do exist, the FAA calls for a summary trial." *Id.* (internal quotation marks and citation omitted). In the Court's review, it "view[s] the facts in the light most favorable to the party opposing arbitration." *Id.* (quoting *Howard v. Ferrellgas Partners*, 748 F.3d 975, 978 (10th Cir. 2014)).

## III. DISCUSSION

Plaintiff raises four bases in support of his objection. The Court examines these

3

arguments below, although not in the order raised.

***Dated and Signed Declaration.*** The Magistrate Judge concluded that Plaintiff failed to sign or date the declaration attached to his response brief, not realizing that a signed and dated declaration was subsequently filed. (ECF No. 15.) Such error, however, was harmless because the Magistrate Judge found that even if he did consider Plaintiff's declaration, he would still find Plaintiff failed to raise a genuine dispute of material fact. And, in this Order addressing Plaintiff's objection, the Court has considered Plaintiff's declaration and, as stated herein, also finds it insufficient to withstand the Motion to Compel.

***Valid and Enforceable Agreement and the Case Law.*** Plaintiff's objection isn't that he didn't receive the opt-in email. (*See* Objection.)[1] Instead, he argues the Magistrate Judge erred because there are significant differences between conducting "[b]asic email tasks"[2] and navigating the Panorama intranet site in order to opt-out of the Solution Channel program. That, as to the latter, it was essentially "practically impossible"[3] to do without help, such as hardware and software like JAWS and Kurzweil. The Court is not persuaded.

First, as Defendants argue, Plaintiff presents no evidence that he even attempted to opt-out of the Solution Channel but was unable to do so. And, further, that Plaintiff only needed to read the email to be informed of the arbitration agreement.

Next, the Magistrate Judge did not rely only on Plaintiff's receipt and responses to

---

[1] Though, if Plaintiff did, this argument is rejected as stated in *Scarpitti v. Charter Communications, Inc.*, No. 18-cv-02133-REB-MEH (D. Colo. Dec. 7, 2018) at ECF No. 15. Namely, the presumption that Plaintiff did receive the opt-in email applies especially in light of the hundreds of work-related emails he received and responded to during that time period; Plaintiff's conclusory affidavit to the contrary fails to create a material factual issue. "As with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) (internal quotation marks, brackets, and citations omitted).
[2] ECF No. 32, p. 5.
[3] ECF No. 32, p. 6.

hundreds of work-related emails during the opt-out period to support his recommendation. On the contrary, the Magistrate Judge also relied on Defendants' undisputed showing that Charter provided Plaintiff a resource which he was fully aware of and used for assistance – Jen Bilger. Plaintiff does not dispute Ms. Bilger was a member of Charter's human resources department assigned to assist Plaintiff with navigating Charter's internal employee resources. And, on October 11, 2017, during the opt-out period, Plaintiff utilized this resource. On that date, Plaintiff received a lengthy Charter email which included information about enrollment in annual benefits and hyperlinks; Plaintiff thereafter emailed Ms. Bilger stating "Will probably want your help on this"; and Ms. Bilger replied "Ok. I will be back Tuesday and we will sync on a time to meet about this for open enrollment."[4] Plaintiff fails to dispute that he could have used this resource to assist him with the opt-out email and, inexplicably, fails to explain why he did not do so. On this record, the Court finds Plaintiff fails to raise a genuine dispute of material fact regarding the existence of a valid and enforceable Mutual Arbitration Agreement to which he is bound.

Plaintiff's challenge to the Magistrate Judge's reliance on *Martinez v. TCF Nat'l Bank*, No. 13-cv-03504-PAB, 2015 WL 854442 (D. Colo. Feb. 25, 2015) and *Scarpitti v. Charter Communications, Inc.*, No. 18-cv-02133-REB-MEH (D. Colo. Dec. 7, 2018) (ECF No. 15) fares no better. Plaintiff argues those cases are distinguishable and fail to show Defendants met their initial burden because those plaintiffs were either able to access the arbitration clause (Martinez) or failed to provide evidence they did not receive, open, or was unable to access the email (Scarpitti). But, Defendants provide evidence such facts do exist here:[5] Plaintiff received the opt-

---

[4] ECF No. 18-1.
[5] Assuming, arguendo, those were the bases upon which the *Martinez* and *Scarpitti* courts compelled arbitration. For example, Scarpitti suggested there was no evidence that he opened or read the email concerning the arbitration agreement. Judge Blackburn rejected this argument, finding there was a presumption that he received the email and,

5

out email, had the ability to "read" emails including the one at issue here, and had the resource to access – and open, read, and understand – the Solution Channel agreement. Plaintiff's declaration is insufficient to create a material factual dispute. In light of the objective evidence, Plaintiff is bound to arbitrate.

***Defendants' Request for Attorney's Fees and Costs.*** The Magistrate Judge recommends dismissing Defendants' request for fees and costs without prejudice. Plaintiff raises two arguments here. First, Plaintiff contends that if this Court rejects the recommendation to grant the Motion to Compel, the recommendation as to fees and costs should also be rejected. But, the Court rejects Plaintiff's objection, not the recommendation. Second, Plaintiff asserts that even if the Court adopts the recommendation to compel arbitration, the request for fees and costs should be denied with prejudice for failure to confer. Plaintiff cites no authority for this proposition; the Court declines to adopt such a result.

IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that

(1) That Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendations re: Defendants' Motion to Compel Arbitration (ECF No. 32) is OVERRULED;

(2) That the Recommendation of United States Magistrate Judge (ECF No. 31) to grant Defendants' Motion to Compel Arbitration (ECF No. 11) is ACCEPTED and ADOPTED as an order of this Court;

---

moreover, "[h]aving received notice of the arbitration agreement, plaintiff's 'purported ignorance of the policy, whether willful or otherwise, does not absolve him from being bound by the agreement.'" *Scarpitti*, ECF No. 15, pp. 4-5 (original brackets omitted) (quoting *Morris v. Milgard Manufacturing, Inc.*, 2012 WL 6217387 at *3 (D. Colo. Dec. 13, 2012)). Thus, there was no requirement that Scarpitti must have opened and read the arbitration email in order to bind him.

(3) That Defendants' Motion to Compel Arbitration (ECF No. 11) is GRANTED;

(4) That, based on the order compelling arbitration of the Plaintiff's claims, the following are DENIED WITHOUT PREJUDICE AS MOOT:

   (a) Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommendations re: Defendants' Motion To Dismiss Peter Brown (ECF No. 33);

   (b) The Recommendation of United States Magistrate Judge (ECF No. 30) to grant in part and deny without prejudice in part Defendant Peter Brown's Motion to Dismiss (ECF No. 10); and

   (c) The Motion to Dismiss Peter Brown (ECF No. 10);

(5) That pursuant to Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCiv.R 54.3, and after meaningful conferral, Defendants may file a compliant motion for attorney's fees and costs within 30 days of the date of this Order; and

(6) That pursuant to D.C.COLO.LCivR 41.2 this action is ADMINISTRATIVELY CLOSED subject to reopening for good cause.

DATED this 31st day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge